IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN R. DEMOS, #287-455 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. CCB-20-1149 |
| DONALD TRUMP, *et al.,* | * | |
| Defendants | * | |
| | ***** | |

## MEMORANDUM

On May 5, 2020, John R. Demos, an inmate incarcerated at the Washington State Penitentiary in Walla Walla, Washington, filed the instant case naming Donald Trump, Mike Pence, and Mitch McConnell as defendants. ECF 1, p. 1. Demos alleges that Article IV of the United States Constitution is inapplicable to the District of Columbia (*id*., p. 4); Defendants have failed to advise Demos and the citizens of the United States of the flaws in the United States Constitution (*id*.); Defendants "make slavery a living, moving, breathing reality" (*id*., p. 6); and the Ninth Amendment to the United States Constitution is vague because it does not identify "the people" (*id*., p. 7). Demos has filed a motion for leave to proceed in forma pauperis (ECF 2) and given his incarceration and previous filings, he appears to be impoverished.

A prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned, who is familiar with Demos's previous civil filings, notes that since 1997, Demos has had numerous cases

dismissed as frivolous and at least three which were previously dismissed under 28 U.S.C. § 1915(g).[1]  In the instant case, while Demos states that is under "imminent danger" he does not provide any facts to support his allegation that he is under a specific threat of harm.  In light of the foregoing, the court concludes the case shall be dismissed without prejudice.

A separate Order follows.


  6/4/20                                                          /S/
Date                                                    Catherine C. Blake
                                                        United States District Court

---

[1] *See Demos v. Motellap*, Civil Action No. MJG-00-698 (D. Md. 2000); *Demos v. Doe*, Civil Action No. MJG-00-547 (D. Md. 2000); *Demos v. Doe*, Civil Action No. JG-00-1035 (E.D. Pa. 2000); *Demos v. Scott Paper Co.*, Civil Action No. JG-97-4109 (E.D.Pa. 1997); *Demos v. Mikulski*, Civil Action No. CCB-03-2730 (D. Md. 2003); *Demos v. United States*, Civil Action No. CCB-09-3205 (D. Md. 2009); *Demos v. Washington State*, Civil Action No. CCB-10-006 (D. Md. 2010) *Demos v. National Intelligence Director, et al,* Civil Action No. CCB-14-721 (D Md. 2014); *Demos v. CIA*, Civil Action No. CCB-15-1582 (D. Md. 2015).

The foregoing is a small sampling of the cases filed by Demos which were *sua sponte* dismissed by the court. The court notes that a review of PACER reveals that plaintiff has filed hundreds of cases throughout the country, the bulk of which have been filed in the United States District Court for the District of Washington.  Staff at the United States District Court for the District of Washington report that plaintiff is subject to a bar order, entered prior to the adoption of the PLRA, wherein plaintiff's cases are screened before they are accepted for filing.